**\*E-Filed: February 9, 2015\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>                    Plaintiff,<br>     v.<br><br>ERIC JINFA ZHANG; et al.,<br><br>                    Defendants.<br>_____/ | No. C14-04897 HRL<br><br>**ORDER GRANTING MOTION REQUESTING INTRA-DISTRICT TRANSFER**<br><br>**[Re: Docket No. 17]** |

Shelby Gail Heifetz sues Eric Jinfa Zhang, Uprising Trade, LLC dba Modern China Café, Platinumberg, LLC, and the City of Walnut Creek for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. and related California statutes. Defendants own, operate, manage, and/or lease the Modern China Café, located at 1525 N. Main Street, Walnut Creek, California 94596. Heifetz alleges that the Modern China Café is not properly accessible to physically disabled individuals.

Defendant City of Walnut Creek has filed a motion requesting intra-district transfer to the San Francisco or Oakland Division. No opposition was filed. The motion is deemed suitable for determination without oral argument. The February 17, 2015 hearing is vacated. Civ. L.R. 7-1(b).

Rule 3-2 provides that "except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." N.D. Civ. L.R. 3-2(c). "A

civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred . . . ." *Id.*

Local Rule 3-2(d) provides that "all civil actions which arise in the" County of Contra Costa shall be assigned to the San Francisco or Oakland Division. Rule 3 also provides that "[w]henever a Judge finds, upon a Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within this district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan." N.D. Civ. L.R. 3-2(h).

Here, this action does not fall within any of the exceptions articulated in Rule 3-2(c). In addition, Heifetz alleges violation of the ADA and related California statutes in the Modern China Café, which is located in Walnut Creek, Contra Costa County. Because a civil action arises in the county in which a substantial part of the events or omissions that give rise to the claim occurred, this action arises in Contra Costa County. The proper division is the San Francisco or Oakland Division. Accordingly, the City of Walnut Creek's motion requesting intra-district transfer to the San Francisco or Oakland Division is granted. The Clerk is directed to transfer this case to the San Francisco or Oakland Division, forthwith.

**IT IS SO ORDERED.**

Dated: February 9, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C14-04897 HRL Notice will be electronically mailed to:**

Eugene Burton Elliot    eelliot@bfesf.com, kpetersen@bfesf.com, lroberts@bfesf.com

Irene Lenislav Karbelashvili    irene@irenelawoffice.com

Parry Alicia Stender Black    pblack@bfesf.com, lroberts@bfesf.com

Patrick E. Guevara    pguevara@randicklaw.com, dbrum@randicklaw.com, pvermont@randicklaw.com, sbetti@randicklaw.com

Phillip Gabor Vermont    pvermont@randicklaw.com, sbetti@randicklaw.com

Zachary Manning Best    zbestesq@yahoo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**